IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 0:19-CV-61930-WPD/CIVIL/DIMITROULEAS/SNOW

RAY FORREST, individually and on behalf of all others similarly situated

Plaintiff,

v.

CREDITREPAIR.COM, INC.,

Defendant.

## DEFENDANT CREDITREPAIR.COM, INC.'S
## ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, CreditRepair.com, Inc. ("CreditRepair"), by counsel, submits the following Answer to Plaintiff's Class Action Complaint ("Complaint").

CreditRepair denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. CreditRepair further states that its investigation of the present matter is ongoing. Accordingly, CreditRepair reserves the right to amend this Answer. CreditRepair denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

In response to the separately numbered paragraphs in the Complaint, CreditRepair states as follows:

1. Paragraph 1 of the Complaint contains a general description of the lawsuit to which no response is required. CreditRepair denies all claims in the Complaint alleging that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. CreditRepair admits to being a company with the goal of helping consumers ensure their credit reports are fair, accurate and substantiated. The website located at the URL www.creditrepair.com is one of the means by which a consumer could contact CreditRepair. CreditRepair denies any remaining allegations in paragraph 2 of the Complaint.

3. CreditRepair denies the allegations in paragraph 3 of the Complaint.

4. CreditRepair denies the allegations in paragraph 4 of the Complaint.

5. CreditRepair denies the allegations in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains a general description of the lawsuit to which no response is required. CreditRepair denies all claims in the Complaint alleging that it violated the TCPA and denies that Plaintiff or any putative class member is entitled to any of the requested relief.

## JURISDICTION AND VENUE

7. Paragraph 7 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied. CreditRepair denies the remaining allegations in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied. CreditRepair denies the remaining allegations in paragraph 8 of the Complaint.

## PARTIES

9. CreditRepair is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies the same.

10. CreditRepair admits the allegations contained in the first sentence of paragraph 10 of the Complaint. The second sentence of paragraph 10 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied. CreditRepair denies the remaining allegations in paragraph 10 of the Complaint.

### THE TCPA

11. Paragraph 11 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

12. Paragraph 12 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

13. Paragraph 13 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

14. Paragraph 14 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

15. Paragraph 15 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

16. Paragraph 16 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

17. Paragraph 17 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

18. Paragraph 18 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

19. Paragraph 19 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

20.     Paragraph 20 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

21.     The allegations in paragraph 21 of the Complaint refer to a document, which speaks for itself. To the extent the allegations vary from the text of the document itself, the allegations are denied.

22.     Paragraph 22 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

23.     Paragraph 23 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

24.     Paragraph 24 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

25.     Paragraph 25 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

## PLAINTIFF'S BACKGROUND FACTS

26.     CreditRepair admits to being a company with a goal of helping consumers ensure their credit reports contain only fair, accurate and substantiated information. CreditRepair denies that it offers its services to consumers nationwide.

27.     CreditRepair denies the allegations in paragraph 27 of the Complaint.

28.     CreditRepair denies the allegations in paragraph 28 of the Complaint.

29.     The allegations in paragraph 29 of the Complaint refer to a text message, which speaks for itself. To the extent the allegations vary from the text message itself, the allegations are denied.

30. Paragraph 30 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

31. CreditRepair is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and therefore denies the same. Additionally, the allegations in paragraph 31 of the Complaint states conclusions of law, to which no response is necessary. To the extent the allegations are contrary to law, they are denied.

32. CreditRepair denies the allegations in paragraph 32 of the Complaint.

33. CreditRepair is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and therefore denies the same.

34. CreditRepair is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and therefore denies the same.

35. Paragraph 35 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

36. CreditRepair denies the allegations in paragraph 36 of the Complaint.

37. CreditRepair denies the allegations in paragraph 37 of the Complaint.

## **PLAINTIFF'S CLASS ALLEGATIONS**

**PLAINTIFF'S PROPOSED CLASS**

38. CreditRepair admits that Plaintiff purports to bring this claim on behalf of a class. CreditRepair denies that this matter may be properly maintained against it as a class action.

39. CreditRepair admits that Plaintiff purports to define the class as stated in paragraph 39 of the Complaint. CreditRepair denies that this matter may be properly maintained against it as a class action as defined in paragraph 39 or otherwise.

40. CreditRepair admits that Plaintiff purports to exclude from the class the persons identified in paragraph 40 of the Complaint. CreditRepair denies that this matter may be properly maintained against it as a class action as defined in paragraphs 39 and 40 or otherwise. CreditRepair denies the remaining allegations in paragraph 40 of the Complaint.

**NUMEROSITY**

41. CreditRepair denies the allegations in paragraph 41 of the Complaint. CreditRepair denies that this matter may be properly maintained against it as a class action.

42. CreditRepair denies the allegations in paragraph 42 of the Complaint. CreditRepair denies that this matter may be properly maintained against it as a class action.

**COMMON QUESTIONS OF LAW AND FACT**

43. The allegations contained in paragraph 43 of the Complaint, including subparagraphs (1) through (5), state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied. CreditRepair denies that this matter may be properly maintained against it as a class action.

44. The allegations contained in paragraph 44 of the Complaint state conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied. CreditRepair denies that this matter may be properly maintained against it as a class action.

## TYPICALITY

45.     The allegations contained in paragraph 45 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.  CreditRepair denies that this matter may be properly maintained against it as a class action.

## PROTECTING THE INTERESTS OF CLASS MEMBERS

46.     The allegations contained in paragraph 46 of the Complaint state conclusion of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.  CreditRepair denies that this matter may be properly maintained against it as a class action.

## SUPERIORITY

47.     The allegations contained in paragraph 47 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.  CreditRepair denies that this matter may be properly maintained against it as a class action.

48.     The allegations contained in paragraph 48 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.  CreditRepair denies that this matter may be properly maintained against it as a class action.

**PLAINTIFF'S CLAIM I**
**Alleged Violation of the TCPA, 47 U.S.C. § 227(b)**
**(On behalf of Plaintiff and the Class)**

49.     CreditRepair incorporates and re-asserts the responses contained in paragraphs 1 through 48 as if fully set forth herein.

50. Paragraph 50 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

51. Paragraph 51 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

52. Paragraph 52 of the Complaint states conclusions of law, to which no response is necessary. To the extent that the allegations are contrary to law, they are denied.

53. CreditRepair denies the allegations in paragraph 53 of the Complaint.

54. CreditRepair denies the allegations in paragraph 54 of the Complaint.

55. CreditRepair denies the allegations in paragraph 55 of the Complaint.

56. CreditRepair denies the allegations in paragraph 56 of the Complaint.

### PLAINTIFF'S CLAIM II
### Alleged Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

57. CreditRepair incorporates and re-asserts the responses contained in paragraphs 1 through 56 as if fully stated herein.

58. CreditRepair denies the allegations in paragraph 58 of the Complaint.

59. CreditRepair denies the allegations in paragraph 59 of the Complaint.

60. CreditRepair denies the allegations in paragraph 60 of the Complaint.

61. CreditRepair denies the allegations in paragraph 61 of the Complaint.

62. CreditRepair denies the allegations in paragraph 62 of the Complaint.

### PLAINTIFF'S JURY DEMAND

63. CreditRepair admits that Plaintiff purports to demand a trial by jury. CreditRepair denies all remaining allegations.

## PLAINTIFF'S PRAYER FOR RELIEF

64. CreditRepair admits that Plaintiff requests declaratory and injunctive relief, as well as actual, statutory, and/or trebled statutory damages in paragraph 64 of the Complaint. CreditRepair denies that it is liable to Plaintiff and that Plaintiff is entitled to any of the requested relief.

CreditRepair denies all the remaining allegations in Plaintiff's Complaint to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiff for any of the requests for relief set forth in Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against CreditRepair and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND AFFIRMATIVE DEFENSE
(Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, CreditRepair acted in good faith and complied fully with the TCPA and any other applicable statute, regulation, or law.

### THIRD AFFIRMATIVE DEFENSE
(Proximate Cause/Speculative Damages)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which CreditRepair continues to deny, were the direct and proximate result of the conduct of Plaintiff or others for whom CreditRepair is not vicariously liable, or were otherwise too speculative, remote or *de minimis* for recovery.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure To Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

## FIFTH AFFIRMATIVE DEFENSE
### (Injury-In-Fact/Standing)

Plaintiff cannot recover from CreditRepair under the Complaint to the extent that he lacks standing and/or has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations or doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Telephone System is Not an ATDS)

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted against CreditRepair because the telephone system allegedly used to contact Plaintiff does not constitute an automatic telephone dialing system ("ATDS") under the TCPA.

## EIGHTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff consented to the alleged phone calls and/or text messages within the meaning of the TCPA.

## NINTH ADDITIONAL DEFENSE
### (Cannot Proceed as a Class Action)

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims

of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties in any attempt to proceed as a class action.

### TENTH ADDITIONAL DEFENSE
### (Due Process)

Plaintiff and the putative class members cannot recover from CreditRepair as a class action to the extent to which such class recovery would deprive CreditRepair of its due process rights to assert individualized defenses to claims of class members.

### ELEVENTH ADDITIONAL DEFENSE
### (Arbitration)

To the extent Plaintiff has agreed to arbitrate this dispute, the Complaint violates that agreement and this matter should be dismissed and/or stayed pending arbitration.

### TWELFTH AFFIRMATIVE DEFENSE
### (Class Action Waiver)

Plaintiff cannot maintain this action as a class to the extent he has waived his right to participate in a class action law suit against CreditRepair.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Released Claims)

Plaintiff's claims and the claims of the putative class members are barred to the extent they have been released as part of a settlement agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

CreditRepair reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant CreditRepair.com, Inc. requests that the Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding CreditRepair its costs and expenses incurred herein; and (3) awarding CreditRepair such other and further relief as the Court may deem just and proper.

**CREDITREPAIR. COM, INC.**

By: */s/ John S. Gibbs III*
John S. Gibbs III
Florida Bar No. 91102
Troutman Sanders LLP
600 Peachtree Street
Suite 3000
Atlanta, Georgia 30308
Telephone: (404) 885-3093
Facsimile: (404) 885-3900
E-mail: evan.gibbs@troutman.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2019, this document was electronically filed with the Clerk of Court using the CM/ECF electronic filing system, which electronically notifies the following:

>Thomas J. Patti, Esq.
>Jibrael S. Hindi, Esq.
>THE LAW OFFICES OF JIBRAEL S. HINDI
>110 SE 6th Street, Suite 1700
>Fort Lauderdale, FL 33301
>tom@jibraellaw.com
>jibrael@jibraellaw.com

*/s/ John S. Gibbs III*